

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2013

# In Re: Delgardo Scott

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-1592

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Delgardo Scott " (2013). *2013 Decisions.* Paper 567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1592
_____

IN RE:  DELGARDO SCOTT,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 02-cr-00073)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed:  July 11, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Delgardo Scott is a federal inmate.  He has filed a petition for writ of mandamus, dated February 27, 2013, asking us to compel the District Court to issue a ruling on the motion to dismiss that he filed in his criminal case.  Scott identified the motion to dismiss by certified mail number, and the record shows that the motion was signed and mailed on October 24, 2012, and filed on the docket on October 26, 2012.

Scott already has received the relief he seeks in his mandamus petition, as the District Court denied the motion to dismiss by order entered November 8, 2012.  Thus, the matter is

1

moot. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

Because the District Court has adjudicated Scott's motion, and there is no need for our

intervention, we will deny the petition for a writ of mandamus. See Blanciak v. Allegheny

Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).[1]

---

[1] Within this mandamus action, Scott has also filed documents, including Petitions To Dismiss, in which he seeks, among other things, dismissal of his criminal proceedings and immediate release from incarceration. We decline to rule on these documents. To the extent that he wishes to pursue a collateral attack on the judgment and sentence in his criminal case, he must pursue such relief in the District Court. Insofar as Scott may be objecting to the District Court's ruling on his motion to dismiss filed in District Court, it is not appropriate for us to issue relief via mandamus in lieu of an appeal. See, e.g., In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).